## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KWANIQUE WHITE                          :    CIVIL ACTION
3475 Collins St, Unit 2103              :
Philadelphia, PA 19134                  :
                                        :
            Plaintiff,                  :    CASE NO.:
        v.                              :
                                        :
DIVIRSIS MANAGEMENT GROUP, LLC :
832 Upsal St.                           :
Philadelphia, PA 19119                  :
        and                             :
HunterHR Consulting, LLC                :
6918 Willow St Nw, Apt 209              :
Washington, DC 20012                    :
                                        :
            Defendants.                 :
_____ :

### CIVIL ACTION COMPLAINT

Kwanique White (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.      This action has been initiated by Plaintiff against Divirsis Management Group, LLC and HunterHR Consulting, LLC (hereinafter collectively referred to as "Defendants") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, *et. seq*.), Title VII of the Civil Rights Act of 1964 ("Title VII – 42 U.S.C. §§ 2000d et. seq.), Section 1981 of the Civil Rights Act of 1866, the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").[1] Plaintiff asserts, *inter alia*, that she

---

[1] Plaintiff's claims under the PHRA and PFPO are referenced herein for notice purposes. Plaintiff intends to amend his complaint to include claims pending before the Pennsylvania Human Relation Commission ("PHRC") and the Philadelphia Commission on Human Relations ("PCHR") once such claims are fully and administratively exhausted. Plaintiff has commenced this action at this time because she has received a Notice of Right to Sue from the EEOC with respect to her ADA and Title VII claims. Plaintiff's PHRA and PFPO claims, once exhausted, will

experienced unlawful workplace discrimination and retaliation, culminating in her termination from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for civil rights violations under the ADA and Title VII. There lies supplemental and/or ancillary jurisdiction over Plaintiff's future state and local law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

3.     This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.     Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.     Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing her Charge with the EEOC, and by filing the instant lawsuit under the ADA and Title VII within 90 days of receiving a right-to-sue letter from the EEOC.

mirror the ADA and Title VII claims asserted herein (with the exception of the damages available under each of these statutes).

**PARTIES**

6.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.    Plaintiff is an adult individual, with an address as set forth in the caption.

8.    Defendant Divirsis Management Group, LLC (hereinafter "Defendant Divirsis") is a property management group in Philadelphia that operates/manages five different properties in Philadelphia, Pennsylvania.

9.    Defendant HunterHR Consulting, LLC, is an HR consulting company that has a contract with and provide HR consulting services to Defendant Divirsis Management Group, LLC.

10.    Upon information and belief, Defendant Hunter made decisions regarding Defendant Divirsis employees' employment, including discipline, termination, vacation and PTO use, and requests for/approval of medical accommodations (including medical leave).

11.    Based on the foregoing, Defendants are sufficiently interrelated and integrated in their management of Defendants' employees (including Plaintiff during her relevant period of employment), such that they may be treated as a single and/or joint employer for purposes of the instant action.

12.    At all times relevant herein, Defendants acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

13.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

3

14. Defendant Diviris is a property management group in Philadelphia that operates/manages five different properties in Philadelphia, Pennsylvania, including (1) Oxford Village; (2) Beech International; (3) 3939 Chestnut; (4) Chestnut Hub; and (5) the Crane Chinatown.

15. Upon information and belief, Defendant Divirsis contracted with Defendant Hunter and utilized Defendant Hunter as their Human Resources ("HR") consulting company.

16. Defendant Divirsis allowed Defendant Hunter to make decisions regarding Defendant's Divirsis' employees' employment, including discipline, PTO requests/time off, accommodation requests, and termination.

17. Between in or about August of 2023 and January of 2025, Plaintiff was employed by Rise - A Real Estate Company (hereinafter "Rise") as a Property Manager.

18. In January of 2025, Defendant Divirsis acquired Rise, and Plaintiff became an employee of Defendant Divirsis as of January 1, 2025.

19. Plaintiff's title while employed with Defendant Divirsis was "Property Manager," and she was assigned to manage two of Defendant Divirsis' properties: Oxford Village and Beech International.

20. Plaintiff remained employed with Defendant Divirsis until on or about March 10, 2025, when she was unlawfully terminated (discussed further *supra*).

21. Therefore, in total, Plaintiff worked for Defendant Divirsis and its predecessor for approximately 1 year and 7 months.

22. During her tenure with Defendant Divirsis, Plaintiff was a dedicated and hard-working employee, who performed her job well.

23. Starting January 1, 2025, Plaintiff was supervised by Defendant Divirsis' Chief Operating Officer, Harry Moody (hereinafter "Moody" – Black/African American).

24. Plaintiff is a Black/African-American female and while Moody was also Black/African American, he showed significant favoritism towards Caucasian employees and treated minorities in a very discriminatory/hostile manner.

25. A non-exhaustive list of the disparate treatment is describe below in the next several paragraphs.

26. Throughout Plaintiff's employment with Defendant, Moody would conduct weekly meetings every Friday with all administrative staff members (who were primarily minorities).

27. During the aforesaid weekly meetings, two non-minority staff members, Joanne (last name unknown) (Caucasian – Property Manager of the Crane Chinatown) and Nancy (last name unknown) (Caucasian – Assistant Property Manager of the Crane Chinatown) would behave in a very rude and obnoxious manner.

28. Moody never corrected or addressed Joanne and Nancy's aforesaid behavior and would either condone it or engage in it himself, despite Plaintiff's repeated complaints regarding the same.

29. However, when Plaintiff asked questions or sought assistance with something in a professional manner, Moody would become very hostile with her.

30. Plaintiff also observed Moody converse with other minorities in a discriminatory and/or aggressive manner.

31. For example, one of the maintenance technicians, Angel Rodriguez (hereinafter "Rodriguez") is Puerto Rican, and Spanish is his first language.

32.    Moody would consistently exhibit discriminatory animus towards Rodriguez, including sending emails to a group and specifically telling another Puerto Rican female, Lori Matos, to interpret the information for Rodriguez or to notify Rodriguez about the information in the email, even though Rodriguez could understand what was being instructed or relayed to staff.

33.    Plaintiff also witnessed Moody aggressively reprimand Rodriguez for things that were not his fault. However, she did not see him do this with Caucasian employees (even if they did something that warranted a reprimand).

34.    In addition to the foregoing, Plaintiff also has and continues to suffer from a disability under the ADA, specifically Crohn's Disease.

35.    Plaintiff's aforesaid disability can cause stomach pains, severe diarrhea, and fatigue and can, at times, be debilitating.

36.    In or about January/February of 2025, Plaintiff disclosed her aforesaid disability to Defendant's HR and management.

37.    Plaintiff was experiencing some flareups of her disability (due to the stress she was experiencing at work from the discriminatory environment), and she had to call out of work for the same.

38.    Plaintiff notified Moody and Parise Hunter (hereinafter "Hunter") from Defendant Hunter at this time because she anticipated additional flare ups (as the work environment was not improving), and she wanted to make sure that Defendants knew of her medical condition in the event that she might need additional days off in the future for flareups of the same.

39.    In or about the beginning of March 2025, Plaintiff was experiencing a flare up of her disability and notified Moody and Hunter of the same and her need for time off to care for her flare up (a reasonable accommodation under the ADA).

40.    In response to learning of Plaintiff's disability flare up, Hunter requested that Plaintiff put PTO in for approximately 2-3 days.

41.    Plaintiff continued to experience flare ups of her disability and notified Defendants of the same.

42.    During the same time, Plaintiff also advised Defendants that she was having conversations with her GI doctor and that she had a follow-up appointment with her Primary Care Physician ("PCP") on or about March 7, 2025 (for which she needed the day off to attend).

43.    As a result of the foregoing, Hunter permitted Plaintiff to work remotely until her doctor's appointment.

44.    After visiting her PCP on or about Friday, March 7, 2025, Plaintiff provided a doctor's note to Defendant's management requesting that she be excused from work on March 7, 2025 and that she be permitted to work from home through March 13, 2025 due to her disability.

45.    Plaintiff did not receive a response to her March 7, 2025 doctor's note and request for reasonable accommodations (*i.e.* intermittent time off and remote work for one week).

46.    Instead, on or about March 10, 2025, Hunter called Plaintiff and abruptly terminated her from her employment with Defendant.

47.    Plaintiff was not provided with a reason for her termination other than "We have decided to part ways with you."

48.    Upon information and belief, following Plaintiff's termination from Defendants, Defendants notified other staff that Plaintiff was separated because she was not able to be at work all the time (which is a direct reference to her disability and need for reasonable medical accommodations).

49.     Based on the foregoing, Plaintiff believes and avers that Defendant terminated her because of her race, her actual/perceived/record of disabilities, in retaliation for requesting reasonable accommodations, and/or because of their failure to engage in the interactive process with Plaintiff and/or accommodate her disability.

50.     Based on the foregoing, Plaintiff believes and avers that Defendant wrongfully terminated her employment in violation of the ADA, Title VII, and Section 1981.

**Count I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

51.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52.     Plaintiff believes and avers that her actual, perceived, and/or record of disabilities was a motivating and/or determinative factor in Defendants' decision to terminate her employment.

53.     Plaintiff also believes and avers that she was terminated from her employment with Defendants because she engaged in protected activity under the ADA, including but not limited to requesting reasonable medical accommodations.

54.     Plaintiff also believes that Defendants failed to accommodate her disability by terminating her to avoid having to do so.

55.     Plaintiff asserts that Defendants' decisions (discussed *supra*) were made in violation of the ADA for discriminatory/and or retaliatory reasons.

**Count II**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**(Race Discrimination)**

56.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

57.     During Plaintiff's employment with Defendants, she was subjected to and observed disparate and discriminatory treatment based on race.

58.     Plaintiff believes and therefore avers that her race was a motivating or determinative factor in Defendants' decision to terminate her employment.

59.     These actions constitute discrimination under Title VII.

**Count III**
**Violations of 42 U.S.C. Section 1981**
**(Race Discrimination)**

60.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

61.     During Plaintiff's employment with Defendants, she was subjected to and observed disparate and discriminatory treatment based on race.

62.     Plaintiff believes and avers that she was terminated because of her race.

63.     These actions constitute discrimination under Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C.     Plaintiff is to be awarded punitive damages, as permitted by applicable law(s);

9

D.    Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.    Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
akarpf@karpf-law.com
(215) 639-0801

Dated: April 3, 2026

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kwanique White | : | CIVIL ACTION |
| v. | : | |
| Divirsis Management Group, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (x )

| | | |
|---|---|---|
| 4/3/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:  Defendants place of business

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?          Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WHITE, KWANIQUE

**(b)** County of Residence of First Listed Plaintiff ___Philadelphia___
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
DIVIRSIS MANAGEMENT GROUP, LLC, ET AL.

County of Residence of First Listed Defendant ___Philadelphia___
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); Title VII (42USC2000); Section 1981 (42USC1981)
Brief description of cause:
Violations of the ADA, Title VII, Section 1981, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE    4/3/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____